United States District Court
Eastern District of New York
----------------------------------------------------------------------------x
Trustees of Laborers Local Union No. 1298 of Nassau and Suffolk
Counties Benefit Funds,

                                 Plaintiffs,

   -against-

Sitework Management, Inc.,

                                 Defendant.
----------------------------------------------------------------------------x

Order

14-cv-3052 (ADS)(AKT)

### APPEARANCES:

**Barnes, Iaccarino & Shepherd, LLP**
*Attorneys for the Plaintiffs*
3 Surrey Lane
Hempstead, NY 11550
      By:   Danielle M. Carney, Esq.
              Zachary Eagle, Esq., Of Counsel

**Mark E. Goidell, Esq.**
*Attorney for the Defendant*
92 Broadway
Amityville, NY 11701

**SPATT, District Judge:**

        Presently before the Court are objections, filed pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 72(b) and 28 U.S.C. § 636(b) by the Plaintiffs, the Trustees of Laborers Local Union No. 1298 of Nassau and Suffolk Counties Benefit Funds (the "Plaintiffs" or "Funds"), challenging portions of a July 22, 2016 Report and Recommendation issued by United States Magistrate Judge A. Kathleen Tomlinson, which recommended that this Court deny a motion by the Plaintiffs for certain damages in connection with the entry of a default judgment against the Defendant Sitework Management, Inc. ("Sitework" or the "Defendant").

        For the reasons that follow, the Plaintiffs' objections are granted in part and denied in part, and the July 22, 2016 Report and Recommendation is adopted in part and modified in part.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 15, 2014, the Plaintiffs commenced this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §§ 1132(a)(3) & 1145, to recover unpaid benefit contributions allegedly owed by the Defendant pursuant to collective bargaining agreements (the "CBAs").

After Sitework failed to file an answer to the complaint or otherwise appear in this action, on July 8, 2014, the Clerk of the Court noted its default.

On August 14, 2014, the Trustees filed a motion for entry of a default judgment.

On August 15, 2014, the Court referred the matter to Magistrate Judge Tomlinson for a recommendation as to whether the Plaintiffs' motion for a default judgment should be granted, and if so, the relief to be granted.

On November 3, 2014, Judge Tomlinson issued an Order directing the Plaintiffs to provide additional documentary evidence to aid in her review of the Funds' claim for damages, including detailed billing records; sworn statements regarding the handling attorneys' experience; and signed copies of certain relevant remittance reports, or in the alternative, an affidavit stating why the original reports were unsigned. The Court established a deadline of November 20, 2014 for the Plaintiffs to submit these materials, and a deadline of December 17, 2014, for the Defendant, who had yet to appear in this action, to respond.

On November 12, 2014, counsel for the Plaintiffs provided the supplemental information requested by Judge Tomlinson, and served copies on Sitework. The submission spanned a total of six pages.

Approximately one month later, on December 13, 2014, while the Plaintiffs' motion was on submission, attorney Mark E. Goidell, Esq. filed a notice of appearance on behalf of Sitework.

Two days later, on December 15, 2014, Mr. Goidell filed a fourteen-page legal memorandum entitled "Defendant's Memorandum of Law Regarding Damages," together with a supporting

2

affidavit by John Truscello, the President of Sitework (collectively, the "Opposition"). However, despite Judge Tomlinson's directive that any such filing be limited in scope and respond solely to the Plaintiffs' supplemental damages submission, the Opposition argued more broadly against the Funds' calculation of the overall amounts owed, and their entitlement to damages at all under the CBAs.

On December 16, 2014, Judge Tomlinson issued an electronic Order on ECF, stating, in relevant part, that:

> The Court has received Defendant's Affidavit in Opposition [DE 23] and Memorandum of Law Regarding Damages [DE 24]. Plaintiffs moved for default judgment on August 14, 2014 [DE 13] and Defendant did not file any response to that motion. On November 12, 2014, per the Court's Order, Plaintiffs provided supplemental information regarding their damages claim. Defendant was afforded an opportunity to respond to any supplemental submissions no later than December 17, 2014 [DE 18]. As noted above, Defendant has responded in opposition [DE 23, 24]. However, Defendant's December 15, 2014 opposition responds to the entirety of Plaintiffs' default judgment motion. In view of these circumstances, the Court directs counsel for Defendant to explain why the Court should consider any arguments raised by counsel other than those directly responsive to Plaintiff's November 12, 2014 supplemental submission on damages.

On December 17, 2014, Mr. Goidell, on behalf of the Defendant, submitted a letter in response to Judge Tomlinson's Order. In this letter, the Defendant claimed that it had understood the court's November 3, 2014 Order as generally "invit[ing] Defendant to submit papers 'in opposition to the amounts sought'" by the Funds. In this regard, the Defendant clarified that it was *not* contesting liability, and sought only to be heard on the issue of damages. In any event, the Defendant requested that the court exercise its discretion to overlook the apparent overbreadth of the Opposition and accept the submission in full.

On February 13, 2015, Judge Tomlinson issued a Report and Recommendation (the "First R&R"), in which the court gave reasoned consideration to the Defendants' Opposition, and recommended that the Plaintiffs' motion for a default judgment be granted in part and deferred in part. In particular, Judge Tomlinson recommended: (i) that a default judgment be entered against Sitework, as all three analytical factors for granting relief under FED. R. CIV. P. 55 were satisfied in

3

this case, and in any event, the Defendant conceded liability; (ii) that, in light of the issues raised in the Defendant's Opposition, a determination as to the amount of outstanding contributions and associated damages be deferred pending an audit of the Defendant, to be performed within 30 days; and (iii) that an award of attorneys' fees in the amount of $1,490 and costs in the amount of $458 be awarded to the Funds.

On February 19, 2015, the Plaintiffs served a copy of the First R&R on Sitework. After more than fourteen days elapsed without an objection being filed, on March 16, 2015, this Court adopted Judge Tomlinson's recommendations in their entirety.

On March 23, 2015, a partial judgment was entered in favor of the Funds.

On September 3, 2015, the Plaintiffs filed a second motion for a default judgment, this time seeking the amounts that were allegedly confirmed by the audit ordered by Judge Tomlinson. In particular, the Funds sought to recover the following amounts: (i) $245,531.33 in unpaid contributions; (ii) $24,553.13 in accrued interest; (iii) $24,553.13 in liquidated damages; and (iv) $1,680 in audit fees, for a total award of $296,317.59.

On September 4, 2015, Sitework filed opposition to the motion for a default judgment, contending that the Funds' calculation of the principal amount due failed to account for $51,724.25 that the Defendant had already paid (the "Offset"). According to the Defendant, this prior payment offsets the principal amount and works to reduce the sum presently owed from $245,531.33 to $193,807.08. Of importance, the Defendant stated that it "has no objection" to the entry of a default judgment against it as to "interest and liquidated damages computed from th[e] corrected amount."

On September 4, 2015, this Court again referred the matter to Judge Tomlinson for a recommendation as to whether the Plaintiff's second motion for a default judgment should be granted, and if so, the relief to be granted.

On July 22, 2016, Judge Tomlinson issued a second Report and Recommendation (the "Second R&R"), recommending that the Plaintiffs' second motion for a default judgment be denied

4

without prejudice and with leave to renew. In particular, Judge Tomlinson found that the documentary evidence submitted by the Funds is insufficient to establish their entitlement to the damages they seek.

Specifically, the Plaintiffs had provided the court with a report from an April 13, 2015 audit of the Defendant for the period in question (the "Audit"), which apparently confirmed unpaid contributions in the amount alleged by the Funds. However, Judge Tomlinson noted that they failed to include an affidavit by someone with firsthand knowledge "explaining (1) how the audit was conducted, (2) the documents upon which the audit report is based, and (3) the methodology used to conduct the audit." Second R&R at 12.

In this regard, the court cited relevant caselaw for the proposition that where, as here, the Defendant contests the accuracy of the audit results, in the absence of testimonial evidence from someone with firsthand knowledge of the audit procedures, the court lacks the ability to independently assess the appropriateness of damages based on the audit. *See id.* at 12 (quoting *Trs. of Local 522 Pension Fund v. Tri-Boro & Rest. Supply Co.*, No. 12-cv-163, 2013 U.S. Dist. LEXIS 25203, at *14 (E.D.N.Y. Feb. 24, 2013)).

Accordingly, Judge Tomlinson recommended that, to the extent the Funds seek an award of damages based on the results of the Audit, this Court should deny the motion without prejudice and with leave to renew upon a sufficient evidentiary basis, namely, an affidavit of the type described above.

Further, Judge Tomlinson found that the documentary evidence submitted by the Plaintiffs in support of their request for interest and liquidated damages was similarly lacking. In particular, the court noted that neither the Audit report nor the relevant CBAs provided an apparent basis for the Funds' calculation of these amounts, and the Funds' written submissions had failed to identify any.

Thus, Judge Tomlinson again recommended that, to the extent the Funds seek awards of interest and liquidated damages, this Court should deny the motion without prejudice and with leave to renew upon a sufficient evidentiary basis. In particular, the court suggested that the Plaintiffs "be afforded the opportunity in their supplemental papers to explain the method by which they have determined the amount of interest and liquidated damages owed." *Id.* at 15.

Finally, Judge Tomlinson found that, although the Defendant is liable for the cost of the Audit, the Plaintiffs failed to establish that the amount of audit fees they seek to recover, namely, the sum of $1,680, is reasonable. In particular, the court noted that the Funds failed to submit "any documentation to substantiate their request" for audit fees, including proof establishing "the method they used to determine the cost of the audit" or "any information concerning the auditor's qualifications, hourly rates, or the number of hours expended by the auditor." *Id.* at 17 (quoting *Trs. of the Local 7 Tile Indus. Welfare Fund v. EAQ Const. Corp.*, No. 14-cv-4097, 2015 U.S. Dist. LEXIS 135002, at *37 (E.D.N.Y. Aug. 24, 2015) (Report and Recommendation), *adopted*, 2015 U.S. Dist. LEXIS 134188 (E.D.N.Y. Sept. 29, 2015)).

Thus, Judge Tomlinson recommended that, to the extent the Funds seek to recover the costs of the Audit, this Court should deny the motion without prejudice and with leave to renew upon a sufficient evidentiary basis.

On August 4, 2016, the Plaintiffs timely filed written objections to the Second R&R, which are now before this Court for disposition. To date, Sitework has neither filed objections of its own, nor responded to the Plaintiffs' objections.

## II. THE PLAINTIFFS' OBJECTIONS

### A. The Standard of Review

FED. R. CIV. P. 72 "permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties." *Greene v. Brentwood Union Free Sch. Dist.*, 966 F. Supp. 2d

131, 138 (E.D.N.Y. 2013), aff'd, 2014 U.S. App. LEXIS 16169 (2d Cir. Aug. 21, 2014). However, "if a magistrate judge's order resolves a matter that is 'dispositive of a claim or defense,' then '[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.'" *Aventura Techs., Inc. v. World of Residensea II Ltd.*, No. 15-cv-1465, 2016 U.S. App. LEXIS 7313, at *7 (2d Cir. Apr. 20, 2016) (Summary Order) (quoting FED. R. CIV. P. 72(b)(1), (3)). In doing so, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

"The Court is *not* required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed." *Greene*, 966 F. Supp. 2d at 138 (citations omitted) (emphasis supplied). Rather, "[t]o accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record." *Id.* (citations omitted).

B.     **As to Judge Tomlinson's Recommendation Regarding Delinquent Contributions**

First, the Plaintiffs take issue with Judge Tomlinson's finding that they failed to establish their entitlement to $245,531.33 in unpaid contributions based on the Audit report.

As described above, Judge Tomlinson reasoned that, since the Defendant disputes the accuracy of the Audit insofar as it allegedly failed to account for the $51,724.25 Offset, the Audit report alone is insufficient to prove the Funds' entitlement to the amount of damages they seek. Rather, Judge Tomlinson determined that additional affidavit evidence would be required.

However, the Funds argue that this was partly incorrect because, contrary to the court's conclusion, the full amount of delinquent contributions revealed by the Audit, namely, $245,531.33, is *not* disputed. On the contrary, according to the Plaintiffs, the Defendant only disputes the sum of $51,724.25, representing the amount of the alleged Offset, and concedes the balance. In this regard,

the Plaintiffs note that, in his letter of September 4, 2015, defense counsel acknowledged to the court that the sum of $193,807.08 – *i.e.*, $245,531.33 less $51,724.25 – is, in fact, due and owing to the Funds. In fact, Sitework expressly consented to the calculation of interest and liquidated damages based on that adjusted amount.

Therefore, the Plaintiff requests that this Court modify the portion of the Second R&R that recommended denying *in its entirety* the Plaintiffs' claim for damages based on delinquent contributions. In particular, the Plaintiff contends that its claim should be granted in part, and that, consistent with Judge Tomlinson's legal reasoning, the Court should deem the Audit report sufficient to establish the amount of $193,807.80, which is undisputed. The Court agrees.

Initially, the Plaintiffs do not challenge, and indeed, this Court concurs with the recitation of legal principles set forth in the Second R&R. As Judge Tomlinson appropriately noted, in cases where the defendant has not disputed the accuracy of the plaintiff's calculations, courts in this District have consistently found that an audit report is sufficient to support a claim for damages, even without an accompanying affidavit from someone with personal knowledge of the audit procedures. *See* Second R&R at 13-14 (collecting cases).

In this case, although the Defendant disputes the accuracy of a discrete portion of the overall sum confirmed by the Audit, it does not dispute – in fact, it affirmatively concedes – that the remaining balance of that sum is accurate and legitimately owed by it to the Plaintiffs. Under these circumstances, the Court discerns no logical basis to refrain from awarding to the Plaintiffs the portion of its damages that all parties apparently agree is owed.

This is particularly true given that, despite being duly served with a copy of the Plaintiffs' objections, in which they argue that judgment is warranted against Sitework in the undisputed amount of $193,807.80, the Defendant failed to oppose the entry of judgment or otherwise respond to the objections in any way.

Accordingly, the Court finds that, notwithstanding the sound legal principles underpinning the Second R&R, the magistrate's application of those principles was somewhat overbroad insofar as it recommended denying undisputed portions of the Plaintiffs' damages claim, notwithstanding adequate evidentiary support in the form of the Audit report. In the Court's view, supporting affidavit evidence was not required to award the undisputed amounts. Accordingly, the Court respectfully departs from the portion of the Second R&R that recommended denying in its entirety the Plaintiffs' claim for damages based on delinquent contributions. Therefore, the Funds' motion for a default judgment is granted to the extent that it seeks to recover $193,807.80 in delinquent contributions, as confirmed by the Audit report, and conceded by the Defendants.

The Court reaches a different conclusion with regard to the disputed portion of the overall damages amount. With respect to the disputed sum of $51,724.25, allegedly representing payments made by the Defendant in partial satisfaction of the amounts owed, the Court concurs with Judge Tomlinson's opinion that additional supporting evidence is required in order to establish the Funds' entitlement to this amount.

In reaching this conclusion, the Court notes that the Plaintiffs' do not appear to have objected to this portion of the Second R&R. Therefore, the Court has reviewed Judge Tomlinson's conclusion for clear error, and finding none, now concurs in both its reasoning and result. Accordingly, the Funds' motion for a default judgment is denied to the extent that it seeks to recover $51,724.25 in delinquent contributions. Nevertheless, on Judge Tomlinson's recommendation, this denial is without prejudice and the Plaintiffs are granted leave to renew this aspect of their motion upon a sufficient evidentiary basis.

C. As to Judge Tomlinson's Recommendation Regarding Interest and Liquidated Damages

Second, the Plaintiffs take issue with Judge Tomlinson's finding that they failed to establish a basis for the awards of interest and liquidated damages that they seek.

As described above, Judge Tomlinson found that the Plaintiffs had failed to adequately explain and provide support, either in the CBAs or elsewhere, for their calculation of these amounts. In particular, Judge Tomlinson noted that the Funds apparently relied on the Audit report as providing a basis for their calculations. However, after reviewing that document, the court was unable to ascertain such support. Judge Tomlinson also noted that the Funds claimed to rely on a collection policy set forth in the CBAs for their calculations. However, again, despite a copy of a representative agreement being attached to the to the Plaintiffs' motion, the court found that they had failed "to explain the relevance or applicability of th[at] document to their calculation of interest and liquidated damages." Second R&R at 15.

Ultimately, the court recommended denying the Plaintiffs' requests for interest and liquidated damages without prejudice, and providing the Funds with an opportunity to explain the method by which they determined the amounts allegedly owed.

In support of their objection, the Plaintiffs rely on an August 14, 2014 affidavit by James E. Cornell, their Fund Manager, who states that:

> Pursuant to the 2007 CBA, Page 26 and the 2012 CBA Page 30, an employer that fails to timely make the required contributions is required to pay: (1) interest on the delinquent contributions at a rate of 10% per annum; (2) liquidated damages at a rate of 10% of the total delinquency; and (3) reasonable attorneys' fees and costs. The Statement of Damages details the aforementioned costs.

Cornell Aff. ¶ 4.

The Court notes that Mr. Cornell's affidavit, as well as the relevant pages of the CBAs referenced therein, were provided in the underlying motion record. *See* DE [15-3]. The Defendant does not dispute their accuracy or authenticity.

Upon a careful review of the relevant contractual provisions, and having determined that the Plaintiffs are entitled to a principal award of $193,807.08, the Court finds that a sufficient evidentiary basis exists for awarding liquidated damages in an amount equal to 10% of that sum, namely, $19,380.71. As noted above, the Defendants concede that this figure accurately reflects the liquidated

damages provided for in the CBAs. Accordingly, the Plaintiff's motion for a default judgment is granted to the extent that it seeks to recover $19,380.71 in liquidated damages.

However, in the Court's view, neither the underlying motion papers nor the supplemental information submitted in support of the Plaintiffs' objections adequately cures the deficiencies identified by Judge Tomlinson in the Plaintiff's interest calculation. In particular, by submitting additional copies of Mr. Cornell's affidavit and the relevant CBA provisions, both of which were already in the motion record, the Plaintiffs simply reiterated the legal basis for their entitlement to recover interest under the contract – a fact already determined by Judge Tomlinson, and, in any event, conceded by the Defendant. However, as Judge Tomlinson appropriately noted, the Plaintiffs, as the movants, bear the additional burden of establishing the amount of interest they are owed with reasonable certainty.

In this regard, while the Plaintiffs accurately recite the relevant language of the CBAs – namely, that "that the [agreements] require[ ] interest on delinquent contributions to be paid at a rate of 10% per annum" – they apply this formula in a manner that is both facially incorrect and identical to a prior calculation that was already rejected by Judge Tomlinson. Specifically, on both occasions, the Plaintiffs apparently disregarded the portion of the relevant formula that requires the interest to be calculated on a "per annum" basis – that is, accruing at an annual rate of 10% from the date of the specific delinquency – and instead, requested that the Court grant a static award equal to 10% of the current total outstanding principal. *See* Pl.'s Sept. 3, 2015 Ltr. Mot., DE [15] (arguing in favor of an interest award calculated as 10% of current outstanding delinquency); Second R&R at 11 (noting the Plaintiffs' argument that interest is equal to 10% of the current principal); *id.* at 15 (denying Plaintiffs' request for a fixed 10% interest award because they failed to establish that they accurately performed the calculation); Aug. 4, 2016 Affidavit of Danielle Carney, Esq., DE [39], at ¶ 5 (repeating the same argument that the Plaintiffs are entitled to a flat 10% interest award). There is no evidence to support an interest award being calculated in this way.

As the Audit report in this case makes clear, over the course of several years between March 1, 2011 and December 31, 2014, the Defendant failed to make certain required weekly contributions to the Funds. Evidently, the amounts of these delinquencies varied, as did the dates on which they became past due – both of which are circumstances that necessarily factor into the proper calculation of interest, but which are absent from the Plaintiffs' computation.

Accordingly, upon *de novo* review, to the extent the Plaintiffs seek to recover an award of interest in the amount of $19,380.78, or 10% of the current total outstanding delinquency, the Court adopts the portion of the Second R&R that recommended that such relief be denied. However, on Judge Tomlinson's recommendation, this denial is without prejudice and the Plaintiffs are granted leave to renew this aspect of their motion upon a sufficient factual and evidentiary basis.

D.      **The Remainder of the Second R&R**

Finally, the Court notes that, except as specifically addressed in this Order, no other objections were raised to the Second R&R. Accordingly, the Court has reviewed the remainder of Judge Tomlinson's reported findings and recommendations for clear error, and finding none, now concurs in both her reasoning and her results.

III.    CONCLUSION

Based on the foregoing, the July 22, 2016 Report and Recommendation is adopted in part and modified in part, as follows:

1. The Court modifies the Second R&R insofar as it recommended denying in its entirety the Plaintiffs' claim for damages based on delinquent contributions.

    a. In particular, as set forth above, the Court adopts Judge Tomlinson's recommended ruling that the Plaintiffs' motion be denied to the extent that it seeks to recover the disputed amount of $51,724.25 in unpaid contributions. On Judge Tomlinson's recommendation. this denial is without prejudice and with leave to renew on a sufficient evidentiary basis.

    b. However, the Court respectfully departs from Judge Tomlinson's recommended ruling, and grants the Plaintiffs' motion to the extent that it seeks to recover the undisputed amount of $193,807.80 in unpaid contributions, as confirmed by the Audit report.

2. The Court modifies the Second R&R insofar as it recommended denying in their entirety the Plaintiffs' claims for interest and liquidated damages.

    a. In particular, as set forth above, the Court respectfully departs from Judge Tomlinson's recommended ruling, and grants the Plaintiffs' motion to the extent that it seeks to recover liquidated damages in the amount of $19,380.71.

    b. However, the Court adopts Judge Tomlinson's recommended ruling that the Plaintiffs' motion be denied to the extent that it seeks to recover $19,380.78 in interest under the CBA. On Judge Tomlinson's recommendation. this denial is without prejudice and with leave to renew on a sufficient evidentiary basis.

3. Finally, the Court adopts the Second R&R in all other respects, including Judge Tomlinson's recommended ruling that the Plaintiffs' motion be denied to the extent that it seeks to recover the costs of the Audit.

The Clerk of the Court is respectfully directed to enter judgment in accordance with this Order. Further, this matter shall remain open for a period of 30 days to allow the Plaintiffs an opportunity to renew their motion for damages in accordance with this Order. If, by October 10, 2016, the Plaintiffs have not filed a renewed motion, the Clerk of the Court is directed to close this case.

It is **SO ORDERED.**

Dated: Central Islip, New York
September 10, 2016

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge